CHIEF JUSTICE WILLIAMS
DsurnsRED the opraton oe the court.
Appellant brought a suit against the appellee on the following writing, styling it a note :
“ §500. Paducah, Ky., October 8, 1867.
“Ninety days after date.....pay to the order of W. H. Mason five hundred dollars, value received, and charge to account of ... . Payable at the First National Bank at Paducah, By. D. J. Mason.”
Hpon which were the following assignments: “Pay Jo. James — ~W. H. Mason; pay B. C. Bradley — Jo. James.” All of which are set out in the petition, which seeks a recovery of judgment against D. J. Mason, on proper averments of non-payment, and to which petition the court sustained a demurrer, which the plaintiff elected to abide, and then the court dismissed the petition. The correctness of these rulings is questioned by this appeal.
In Story on Promissory Notes, section 16, it is said that “sometimes the language of the instrument is ambiguous, and is capable of being interpreted either as a bill of exchange or a promissory note. In such a case the person who receives it may, at his own option, treat it as a bill of exchange or as a note against the maker; therefore an instrument which is in the form of a note, but which, in addition, is addressed to a third person, who accepts it, is a *604 promissory note, and may be so declared on accordingly. So if a person draws an order upon bimself, or payable by himself, it is, or at least may, although in form a bill, be treated as a promissory note.”
This written instrument acknowledges “ value received” by its maker, the object of which was to secure the payment of five hundred dollars to the order of W. H. Mason, the payee. Here is both a promisor and a promisee, an obligor and obligee; there is an ellipsis or blank between the word “after date” and “pay.” How is this ellipsis or blank to be supplied? By words comporting with the general tenor of the instrument, and to carry out the presumed intention of the parties as derived therefrom. Now if this ellipsis be supplied by the words “T will’’ the whole instrument is rational, and will answer the presumed purposes of the parties; for it will then read, “Ninety days after date I will pay to the order of W. H. Mason five hundred dollars,” etc.
But it is said there is another blank between the words “charge to account of” and “payable at,” etc. It is not necessary that this should be filled at all to give the writing obligatory' force; but it may be filled in various ways compatible with the presumed intent of the parties and the writing. It would read sensibly if filled so as to read charge to account of “the store,” or “the farm,” or “the drug-store,” or “myself,” or many other things, as this may have been inserted merely to specify to what account existing between the parties it should be placed; therefore whether filled or still left blank it would import neither a further nor less obligation to pay the five hundred dollars.
By an act of January 24, 1866 (Myers’s Supplement, 741), the legislature declared the law-merchant, as laid down by Story in statutory form, that when an obligor *605 shall make a note payable to himself or his own order, and indorse and deliver to another, that it shall have the obligatory force of a note; and that when a third party, who is neither payee nor assignee in a note, shall place his name on it, he shall be deemed a guarantor, and the holder may write a guaranty above such signature. If a writing payable to a man’s own order thus becomes his note, when payable to the order of another it becomes much more so; and if a writing in the form of a note addressed to and accepted by the drawee may also be treated as a note, why, with greater force, should not one having no drawee, and not being accepted by any one, be so treated?
As we have now but one form of action, that’by petition, if the writing sued on be set out, and it imports a covenant to pay, we apprehend a mere misnomer of the writing would not be a cause for a general demurrer; for as there are now no differences of action on written instruments, if such be set out, and. a cause of action be stated, that will be sufficient whether the pleader properly styles the writing or not.
As this writing imports a promise by the maker to pay to the order of the payee five hundred dollars, the petition shows a good cause of action, and the demurrer should have been overruled.
Wherefore the judgment is reversed, with directions for further proceedings consistent herewith.